IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BOBBIE O'BRYAN, JR., On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>TERREBONNE PARISH CONSOLIDATED GOVERNMENT,<br><br>Defendant. | § § § § § § § § § § § § § | CIVIL ACTION NO. 22-3203<br><br>FLSA COLLECTIVE ACTION |

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Bobbie O'Bryan, Jr., ("Plaintiff"), on behalf of himself and all others similarly situated, files this Complaint against the Terrebonne Parish Consolidated Government ("Defendant"), showing in support as follows:

### I. NATURE OF THE CASE

1. This is a civil action brought by Plaintiff pursuant to the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the federal Portal-to-Portal Pay Act, 29 U.S.C. §§ 251-262, (collectively "FLSA") for Defendant's failure to timely pay Plaintiff and the putative collective action members all overtime wages owed.

2. Plaintiff is employed by Defendant as a police officer in the Houma Police Department ("HPD") and currently serves as a police captain.

3. Plaintiff and other HPD law enforcement employees employed by Defendant performed their job duties under emergency conditions in connection with Hurricane Ida between late August 2021 and mid-September 2021.

4. Plaintiff, on behalf of himself and all others similarly situated, alleges that Defendant violated the FLSA because Defendant: (1) did not timely pay them time and one-half

*Plaintiff's Original Complaint – Page* 1

their respective hourly rates of pay for all overtime hours worked in the two week work periods between August 22, 2021 to September 18, 2021 and (2) did not include Hurricane Ida emergency day pay in their respective FLSA regular rate calculations in determining the amount of overtime wages owed for the two week work periods between August 22, 2021 to September 18, 2021.

5. Plaintiff and the collective action members seek all damages available under the FLSA, including unpaid overtime wages, liquidated damages, reasonable legal fees, costs, and/or post-judgment interest.

## II.  THE PARTIES, JURISDICTION, AND VENUE

### A.  Plaintiff Bobbie O'Bryan, Jr.

6. Plaintiff is a natural person. He is over the age of 18 years. He has standing to file this lawsuit.

7. Plaintiff is an employee of Defendant with dates of employment being approximately July 29, 1990 to present.

8. By filing this lawsuit and complaint, Plaintiff consents to be a party plaintiff to this FLSA action pursuant to 29 U.S.C. § 216(b).

### B.  Collective Action Members

9. The putative collective action members are all current and/or former hourly paid HPD law enforcement employees of Defendant who Defendant: (1) did not timely pay time and one-half their respective hourly rates of pay for all overtime hours worked in the two week work periods between August 22, 2021 to September 18, 2021 and (2) did not include Hurricane Ida emergency day pay in their respective FLSA regular rate calculations in determining the amount of overtime wages owed for the two week work periods between August 22, 2021 to September 18, 2021.

10. Because Defendant did not timely pay all overtime premium compensation to those law enforcement employees, Plaintiff and the putative collective action members are all similarly situated within the meaning of Section 216(b) of the FLSA.

11. Plaintiff reserves the right to redefine the class, request more than one class, and/or request sub-classes relative to any motion for collective action certification or amended pleading filed in this lawsuit.

### C. Defendant Terrebonne Parish Consolidated Government

12. Defendant, Terrebonne Parish Consolidated Government, is a political subdivision of the State of Louisiana, located in the Parish of Terrebonne, State of Louisiana.

13. During all times relevant to this lawsuit, Defendant has been an employer covered by the FLSA. 29 U.S.C. § 203(d).

14. During all times relevant to this lawsuit, Defendant has been an enterprise engaged in commerce. 29 U.S.C. § 203(s)(1)(C); 29 U.S.C. § 203(x).

15. At time relevant to this lawsuit, Plaintiff and the putative collective action members are/were employees of Defendant pursuant to the FLSA. 29 U.S.C. § 203(e)(2)(C).

16. Defendant may be served with summons and the complaint by personal service upon Defendant's chief executive officer, Mr. Gordon E. Dove, or in his absence upon any employee of Defendant of suitable age and discretion.

### D. Jurisdiction and Venue

17. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

18. The Court has personal jurisdiction over Defendant based on both general and specific jurisdiction.

19. The Court has subject matter jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. § 1331, because Plaintiff bases his claims on federal law, namely the FLSA.

20. Venue is proper in this Court because the area encompassed by the United States District Court for the Eastern District of Louisiana includes Terrebonne Parrish, Plaintiff and the putative collective action members were employed by Defendant in this District, and facts relative to the claims made the basis of this lawsuit occurred within this District.

### III. FACTUAL BACKGROUND

21. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

22. Hurricane Ida formed on or about August 26, 2021 and made landfall as a category 4 hurricane near Port Fourchon, Louisiana on or about August 29, 2021.

23. Defendant's Parish President, Mr. Gordon E. Dove, issued an emergency executive order relative to Hurricane Ida on August 26, 2021.

24. The unpaid FLSA overtime wages and/or liquidated damages claims made the subject matter of this lawsuit relate to work performed by Plaintiff and the putative collective action members during the two work periods between August 22, 2021 to September 4, 2021 and September 5, 2021 to September 18, 2021 (the "Hurricane Ida Work").

25. Plaintiff is employed by Defendant as a police officer with the HPD.

26. Plaintiff served as a police captain during the Hurricane Ida Work and continues to serve in that role.

27. During the Hurricane Ida Work, Defendant paid Plaintiff on an hourly basis.

28. Plaintiff's hourly rate of pay from Defendant during the Hurricane Ida Work was $33.87.

29. Plaintiff also received state supplemental hourly pay from Defendant in the amount of $2.88 resulting in Plaintiff's total hourly rate of pay during the Hurricane Ida Work being $36.75.

30. Defendant employed numerous other HPD law enforcement employees during the Hurricane Ida Work.

31. Like Plaintiff, the other HPD law enforcement employees employed by Defendant during the Hurricane Ida Work were paid on an hourly basis by Defendant.

32. Like Plaintiff, the other HPD law enforcement employees employed by Defendant during the Hurricane Ida Work were paid state supplemental hourly pay from Defendant.

33. In connection with emergency orders such as the one issued by Mr. Dove on August 26, 2021, Defendant's policy was to pay Plaintiff and other HPD law enforcement employees additional pay beyond their hourly rates of pay for each emergency day. Relative to the Hurricane Ida Work, Defendant's designated emergency days for hourly paid HPD law enforcement employees such as Plaintiff and the putative collective action members were Friday, August 27, 2021 through Friday, September 17, 2021.

34. Defendant's Emergency Day policy provides, in relevant part, that "[i]t is the policy of the Parish that the Parish President may deem a workday or a portion of a workday an emergency day which will require employees to remain at home or be required to return home from work. Workdays may be deemed emergency days for purposes of this policy for emergencies or disasters, manmade or nature, such as severe weather, electrical outages or other dangerous situations. Should the Parish President deem a workday an emergency day, the following policy shall be observed. … Essential, non-exempt employees required to work, or those non-exempt employees deemed essential and called into work, will be paid at a rate of time and a half ($1^{1/2}$) for all hours

worked during an emergency day in addition to their regular rate of pay for the number of hours they would normally be scheduled to work if the day were not an emergency day." That policy defines a non-exempt employee as an employee who is entitled to the minimum wage and overtime protections of the Fair Labor Standards Act.

35. Defendant classified Plaintiff and other hourly paid HPD law enforcement employees employed by Defendant during the Hurricane Ida Work as non-exempt employees.

36. Plaintiff and other hourly paid HPD law enforcement employees employed by Defendant during the Hurricane Ida Work were essential employees.

37. The FLSA requires Defendant to pay Plaintiff and the putative collective action members at a rate of time and one-half their respective regular rates of pay for all overtime hours worked. The FLSA allows governmental employers to define what constitutes overtime hours for law enforcement employees differently than what is allowed for private sector employers. For example, in the private sector, overtime hours are hours worked over 40 in a seven-day workweek. However, for governmental employers of law enforcement employees, overtime hours may be defined as working more than a certain number of maximum hours during a work period that may be longer than seven-days.

38. In connection with the Hurricane Ida Work, Defendant measured the number of overtime hours worked by Plaintiff and other hourly paid HPD law enforcement employees based on the number of hours worked in a two-week work period.

39. Defendant's two week work period for Plaintiff and other hourly paid HPD law enforcement employees began on a Sunday and ended on the second Saturday thereafter.

40. In connection with the Hurricane Ida Work, overtime hours for Plaintiff and other hourly paid HPD law enforcement employees employed by Defendant were hours worked over 80 in a two-week work period.

41. Plaintiff's first two week work period relative to the Hurricane Ida Work was August 22, 2021 to September 4, 2021. During that work period, Plaintiff worked 177 total hours of which 97 were overtime hours. During that work period, Plaintiff worked nine emergency days which totaled 139 emergency day hours. The regularly scheduled pay date for that work period was September 9, 2021. Defendant paid Plaintiff only straight time wages for 80 hours worked on that pay date totaling $2,940.00.

42. Plaintiff's second two week work period relative to the Hurricane Ida Work was September 5, 2021 to September 18, 2021. During that work period, Plaintiff worked 188 total hours of which 108 were overtime hours. During that work period, Plaintiff worked thirteen emergency days which totaled 182 emergency day hours. The regularly scheduled pay date for that work period was September 23, 2021. Defendant paid Plaintiff only straight time wages for 80 hours worked on that pay date totaling $2,940.00.

43. Plaintiff worked a total of 365 hours in the two work periods between August 22, 2021 to September 18, 2021.

44. Plaintiff worked 205 overtime hours in the two work periods between August 22, 2021 to September 18, 2021.

45. Plaintiff worked 321 emergency day hours in the two work periods between August 22, 2021 to September 18, 2021.

46. On October 1, 2021, Defendant paid Plaintiff overtime pay in the amount of $3,767.90 for the two work periods between August 22, 2021 to September 18, 2021.

47. On October 1, 2021, Defendant paid Plaintiff Hurricane Ida emergency day pay in the amount of $17,695.13 for the two work periods between August 22, 2021 to September 18, 2021.

48. Defendant did not pay Plaintiff time and one-half his hourly rate of pay for all overtime hours worked during the two work periods between August 22, 2021 to September 18, 2021.

49. Defendant did not include emergency day pay in calculating Plaintiff's regular rate of pay for the overtime wages it did pay for the two work periods between August 22, 2021 to September 18, 2021.

50. Other hourly paid HPD law enforcement employees employed by Defendant during the Hurricane Ida Work were paid emergency day pay and worked overtime hours in the two work periods between August 22, 2021 to September 18, 2021. The regularly scheduled pay dates for those two work periods were September 9, 2021 and September 23, 2021, respectively.

51. Defendant failed pay all other hourly paid HPD law enforcement employees employed by Defendant during the Hurricane Ida Work time and one-half their respective hourly rates of pay for all overtime hours worked in the two work periods between August 22, 2021 to September 18, 2021.

52. Defendant failed pay all other hourly paid HPD law enforcement employees employed by Defendant during the Hurricane Ida Work time and one-half their respective hourly rates of pay for all overtime hours worked in the two work periods between August 22, 2021 to September 18, 2021 by the corresponding regularly scheduled pay dates for same.

53. Defendant failed pay all other hourly paid HPD law enforcement employees employed by Defendant during the Hurricane Ida Work time and one-half their respective hourly

rates of pay for all overtime hours worked in the two work periods between August 22, 2021 to September 18, 2021 on or before October 1, 2021.

54. Defendant did not include emergency day pay in calculating the respective regular rates of pay for all other hourly paid HPD law enforcement employees employed by Defendant during the Hurricane Ida Work for the overtime wages it did pay for the two work periods between August 22, 2021 to September 18, 2021.

## IV. CONTROLLING LEGAL RULES

55. The FLSA states that "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

56. The FLSA defines the "regular rate" as including "all remuneration for employment paid to, or on behalf of, the employee … ." 29 U.S.C. § 207(e).

57. With a few limited exceptions, all remuneration given to an employee must be included in the employee's regular rate calculation. 29 U.S.C. § 207(e); 29 C.F.R. § 778.108; 29 C.F.R. § 553.233; *accord Allen v. Board of Pub. Educ. For Bibb Cty.*, 495 F. 3d 1306, 1311 (11th Cir. 2007); *see also Johnson v. Big Lots Stores, Inc.*, 604 F. Supp. 2d 903, 927 (E.D. La. 2009). "The employer bears the burden of demonstrating that certain payments should not be included in determining its employees' regular rate." *Meadows v. Latshaw Drilling Co., LLC*, 338 F. Supp. 3d 587, 591 (N.D. Tex. 2018) (citing *Idaho Sheet Metal Works, Inc. v. Wirtz*, 383 U.S. 190, 209, 86 S.Ct. 737, 15 L.Ed.2d 694 (1966); *Johnson*, 604 F. Supp. 2d at 927).

58. "The FLSA requires the inclusion in the regular rate of such extra premiums as ... premiums paid for hazardous, arduous or dirty work." *Meadows*, 338 F. Supp. 3d at 590 (citing 29 C.F.R. § 778.207(b)).

59. Federal law requires employers to make and keep accurate and detailed payroll data for non-exempt employees. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2. Such data includes the name of the employee, time of day and day of week on which the employee's workweek or work period begins, regular hourly rate of pay for any workweek in which overtime compensation is due under 29 U.S.C. § 207(a)(1), the amount and nature of each payment which, pursuant to 29 U.S.C. § 207(e), is excluded from the regular rate, total hours worked each workday, total hours worked each workweek, total daily or weekly straight-time earnings or wages due for hours worked during the workday or workweek, exclusive of premium overtime compensation, total premium pay for overtime hours, total wages paid each pay period, and dates of payment and the pay period covered by the payment. *See* 29 C.F.R. § 516.2 (a). Public agencies are permitted calculate overtime hours on a basis different than the standard 40 hours per seven-day workweek. 29 U.S.C. § 207(k). Overtime hours for HPD law enforcement employees are hours worked over 80 in a two-week work period. La. Rev. Stat. § 33:2213K. Alternatively, overtime hours for HPD law enforcement employees may be hours worked over 86 in a two-week work period. 29 C.F.R. § 553.230(b). Employers are required to maintain the required employee payroll data for a minimum of three years. 29 C.F.R. § 516.5.

60. "[A]n FLSA claim accrues, for limitations purposes, when an employer fails to pay workers on their regular paydays, and ... a violation of the [FLSA] also occurs on that date." *Martin v. U.S.*, 117 Fed. Cl. 611, 618 (Fed. Cl. 2014) (citing *Biggs v. Wilson*, 1 F.3d 1537, 1540 (9th Cir.1993) (Biggs II); *Olson v. Superior Pontiac–GMC, Inc.*, 765 F.2d 1570, 1579 (11th

Cir.1985), *modified*, 776 F.2d 265 (11th Cir.1985); *Atlantic Co. v. Broughton*, 146 F.2d 480, 482 (5th Cir.1944); *Birbalas v. Cuneo Printing Industries*, 140 F.2d 826, 828 (7th Cir.1944).

61. Failing to pay the required overtime premium for overtime hours worked is a violation of the FLSA. 29 U.S.C. § 216(b).

62. "Any employer who violates the provisions of [29 U.S.C. § 207] ... shall be liable to the employee or employees affected in the amount of their ... unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. ... The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

63. "The general rule establishes that FLSA claims ... cannot be waived." *Sandlin v. Grand Isle Shipyard, Inc.*, CV 17-10083, 2018 WL 2065595, at *5 (E.D. La. May 3, 2018) (citing *Bodle v. TXL Mortg. Corp.*, 788 F.3d 159, 164 (5th Cir. 2015)). "[T]he FLSA forbids waiver of the right to statutory wages or to liquidated damages." *Id.* (citing *Bodle*, 788 F.3d at 163).

64. It is unlawful "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [the FLSA], or has testified or is about to testify in any such proceeding." 29 U.S.C. § 215(a)(3).

## V.     FLSA CLAIMS

65. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

66. During all times relevant to this lawsuit, Defendant has been an employer covered by the FLSA. 29 U.S.C. § 203(d).

67. During all times relevant to this lawsuit, Defendant has been an enterprise engaged in commerce. 29 U.S.C. § 203(s)(1)(C); 29 U.S.C. § 203(x).

68. At times relevant to the claims in this lawsuit, Plaintiff and the putative collective action members are/were employees of Defendant pursuant to the FLSA. 29 U.S.C. § 203(e)(2)(C).

69. Plaintiff and the putative collective action members are and/or were covered employees under 29 U.S.C. § 207(a)(1).

70. In connection with the Hurricane Ida Work, Plaintiff and the putative collective action members were paid on an hourly basis by Defendant.

71. In connection with the Hurricane Ida Work, Plaintiff and the putative collective action members were paid emergency day pay by Defendant that was in addition to their respective base hourly rates of pay.

72. The FLSA requires that extra premium pay for hazardous work, such as the emergency day pay paid to Plaintiff and the putative collective action members, be included in the FLSA regular rate of pay to determine the overtime wages owed. 29 C.F.R. § 778.207(b).

73. In connection with the Hurricane Ida Work, Plaintiff and the putative collective action members worked overtime hours as employees of Defendant during the two work periods between August 22, 2021 to September 18, 2021. Defendant was required to pay Plaintiff and the putative collective action members time and one-half their respective regular rates of pay for all such overtime hours worked. 29 U.S.C. § 207(a)(1).

74. Defendant violated the FLSA because it did not: (1) timely pay Plaintiff and the putative collective action members time and one-half their respective hourly rates of pay for all overtime hours worked in the two week work periods between August 22, 2021 to September 18, 2021 and (2) did not include Hurricane Ida emergency day pay in the respective FLSA regular rate calculations for Plaintiff and the putative collective action members in determining the amount of

overtime wages owed for the two week work periods between August 22, 2021 to September 18, 2021.

75. The putative collective action members are and/or were similarly situated to the Plaintiff and to each other under the FLSA. 29 U.S.C. § 216(b).

76. Plaintiff and the putative collective action members seek all damages available for Defendant's failure to timely pay all overtime wages owed.

## VI. FLSA COLLECTIVE ACTION

77. Plaintiff seeks to represent a collective action under 29 U.S.C. § 216(b) on behalf of himself and all current and/or former hourly paid HPD law enforcement employees of Defendant who Defendant: (1) did not timely pay time and one-half their respective hourly rates of pay for all overtime hours worked in the two week work periods between August 22, 2021 to September 18, 2021 and (2) did not include Hurricane Ida emergency day pay in their respective FLSA regular rate calculations in determining the amount of overtime wages owed for the two week work periods between August 22, 2021 to September 18, 2021.

78. Because Defendant did not timely pay all overtime premium compensation owed to those law enforcement employees, Plaintiff and the putative collective action members are all similarly situated within the meaning of Section 216(b) of the FLSA.

79. Plaintiff reserves the right to establish sub-classes and/or modify collective action definition in any collective action certification motion or other filing.

## VII. DAMAGES AND PRAYER

80. Plaintiff asks that the Court issue a summons for Defendant to appear and answer, and that Plaintiff and the Collective Action Members be awarded a judgment against Defendant and/or order(s) from the Court for the following:

a. An order certifying this case as a FLSA collective action and requiring notice to be issued to all putative collective action members,

b. All damages allowed by the FLSA, including unpaid overtime wages,

c. Liquidated damages in an amount equal to overtime wages that were not timely paid by Defendant,

d. Reasonable legal fees,

e. Costs,

f. Post-judgment interest, and/or

g. All other relief to which Plaintiff and the Collective Action Members are entitled.

Date: August 30, 2022.

Respectfully Submitted:

Damon J. Baldone & Associates, APLC

s/ Damon J. Baldone
Damon J. Baldone (No. 21997)
Thomas E. Dunn (No. 5185)
Bobby J. Triche (No. 37542)
162 New Orleans Blvd.
Houma, Louisiana 70364
Telephone: (985) 868-3427
Facsimile: (985) 872-2319
Email: damon@baldonelaw.com
thomas@baldonelaw.com
bobby@baldonelaw.com

ATTORNEYS FOR PLAINTIFF