UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BOBBIE O'BRYAN, JR., ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-3203**<br>**C/W: 23-5160**<br>**RELATES TO: 22-3203** |
| **TERREBONNE PARISH CONSOLIDATED GOVERNMENT** | **SECTION "B"(5)** |

## ORDER AND REASONS

Before the Court are the following matters: defendant's motion for partial summary judgment (R. Doc. 59); the O'Bryan plaintiffs' opposition (R. Doc. 86); and defendant's reply in support. Also, the O'Bryan plaintiffs' motion for partial summary judgment (R. Doc. 101); defendant's opposition (R. Doc. 107); and plaintiffs' reply in support (R. Doc. 114). Oral argument was held on December 11, 2023, on both motions.

## LEGAL STANDARD

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23. A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under the applicable law in the case. *First Commonwealth Corp. v. Hibernia Nat. Bank of New Orleans*, 860 F.Supp. 1145, 1148 (E.D. La. 1994) (quotations omitted) (citing *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986)). There is no genuine dispute of material fact if no reasonable trier of fact could find for the nonmovant. *Smith v. Amedisys, Inc.*, 298 F.3d 434, 440 (5th Cir. 2002). "All evidence is viewed in the light most favorable to the nonmoving party and all reasonable inferences are drawn

in that party's favor." *E.g.*, *Johnson v. Cooper T. Smith Stevedoring Co., Inc.*, 74 F.4th 268, 272 (5th Cir. 2023) (citing *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 328 (5th Cir. 2017)).[1]

If the dispositive issue is one on which the movant will bear the burden of persuasion at trial, as the issue in this case, the movant "must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263–64 (5th Cir. 1991) (internal quotations omitted) (citations omitted). If the movant fails to carry this burden, the motion must be denied. If the movant successfully carries this burden, the burden of production then shifts to the nonmovant to direct the Court's attention to something in the pleadings or other evidence in the record setting forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist. *Celotex*, 477 U.S. at 322–24.

"[U]nsubstantiated assertions are not competent summary judgment evidence. The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports the claim. 'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'" *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (first citing *Celotex*, 477 U.S. at 324; then citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994); and then quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992)).

## CONCLUSION

For the oral reasons stated on the record during today's oral argument hearing,

**IT IS ORDERED** that defendant's motion for partial summary judgment (R. Doc. 59) is **GRANTED**. Defendant did not waive the affirmative defense that the Emergency Benefit Pay is

---

[1] This is true even if trial will be to the bench, 6 Daniel R. Coquillette, Gregory P. Joseph, Georgene M. Vairo & Chilton Davis Varner, *Moore's Federal Practice* § 56.34 (3d ed. 2023), as in this case.

exempted under 28 U.S.C. § 207(e). *Taylor v. HD & Associates, L.L.C.*, 45 F.4th 833, 838 (5th Cir. 2022) (citations and internal quotations omitted) ("FLSA defendants need not plead specific exemptions because plaintiffs are put on notice by the very nature of the suit that these exemptions would be relevant to the determination of [Defendant's] liability."). The Emergency Benefit Pay falls under 29 U.S.C. § 207(e)(2). *See* 29 U.S.C. § 207(e)(2); *Minizza v. Stone Container Corp. Corrugated Container Div. E. Plant*, 842 F.2d 1456, 1461–62. (3d Cir.1988); R. Doc. 59-1 at pp. 17-19 (first citing Wage and Hour Division, Department of Labor, *Fact Sheet #56A:Overview of the Regular Rate of Pay Under the Fair Labor Standards Act* (December 2019), available at https://www.dol.gov/agencies/whd/fact-sheets/56a-regular-rate; and then citing *Wage and Hour Division, Department of Labor, Regular Rate Under the Fair Labor Standards Act*, 84 FR 68736-01, 2019 WL 6828543 at *68742-43 (2019)). Thus, the Emergency Benefit Payment is exempted from inclusion into calculating plaintiffs' regular rate of pay.

**IT IS FURTHER ORDERED** that, in light of this order, plaintiffs' motion for partial summary judgment (R. Doc. 101) is **DISMISSED** as moot relative to the FSLA exemption issue.

**IT IS FURTHER ORDERED** that parties shall jointly provide the Court with a status update **no later than Thursday, December 14, 2023** assessing the impact of today's ruling upon pretrial and trial proceedings. Also, the parties shall jointly contact the assigned Magistrate Judge to facilitate further discussion regarding possible settlement in view of today's ruling.

New Orleans, Louisiana this 11th day of December, 2023

_____
SENIOR UNITED STATES DISTRICT JUDGE