UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BOBBIE O'BRYAN, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-3203**<br>**C/W: 23-5160**<br>**RELATED TO: ALL** |
| **TERREBONNE PARISH**<br>**CONSOLIDATED GOVERNMENT** | **SECTION "B"(5)** |

## ORDER AND JUDGMENT

Before the Court are parties' "Joint Motion for Approval of Settlement Agreement" (R. Doc. 138), "Memorandum in Support of Joint Motion for Approval of Settlement Agreement" (R. Doc. 138-1), and "Settlement Agreement and Release" (R. Doc. 138-2), filed by the *O'Bryan* Named Plaintiff individually and on behalf of the opt-in *O'Bryan* Plaintiffs, the *Bergeron* Plaintiffs (collectively "Plaintiffs"), and Defendant Terrebonne Parish Consolidated Government ("Defendant" and/or "TPCG").

## APPROVED SETTLEMENT TERMS

Having found that the Parties have resolved the above-captioned contested consolidated actions under the Fair Labor Standards Act and the Federal Portal-to-Portal Pay Act (collectively, the "Fair Labor Standards Act" or "FLSA") on terms which are fair and reasonable, the Court approves the following settlement terms:

    A.    <u>Payments to Plaintiffs</u>

Defendant will pay to each *O'Bryan* Named and Opt-In Plaintiff the gross amounts allocated to each Plaintiff in Exhibit A to the Settlement Agreement from which withholdings will be taken by Defendant. The total gross payment to the *O'Bryan* Named and Opt-In Plaintiffs is FORTY THOUSAND SEVEN HUNDRED AND TWENTY-SEVEN DOLLARS AND 68/100

CENTS ($40,727.68). Defendant will pay to each Named *Bergeron* Plaintiff the gross amount allocated to each Plaintiff in Exhibit B to the Settlement Agreement from which withholdings will be taken by Defendant. The total gross payment to the Bergeron Plaintiffs is THIRTY-TWO THOUSAND FOUR HUNDRED AND FORTY-TWO DOLLARS AND 32/100 CENTS ($32,442.32). The gross payment Defendant will pay to each individual Plaintiff is set forth in Exhibit 1A and 1B to the Memorandum in Support of the Joint Motion.

B.    Plaintiffs' Attorney's Fees and Costs

Defendant will pay attorneys' fees and costs in the amount of SEVENTY-SIX THOUSAND EIGHT HUNDRED AND THIRTY DOLLARS AND 00/100 CENTS ($76,830.00) to Plaintiffs' lead attorney, Allen Vaught. Mr. Vaught will then, from that sum, pay any attorneys' fees and costs due to the law firm of Damon J. Baldone & Associates, APLC. No other attorneys' fees, costs, or expenses are due by Defendant beyond the $76,830.00 sum to be paid to Mr. Vaught.

C.    Signed Release Agreements

The Named Plaintiff in *O'Bryan* and all *Bergeron* Plaintiffs and Defendant have signed the Release Agreement attached as Exhibit "1" to the Joint Motion for Approval of Settlement before the payments are to be made and delivered.

D.    Other Terms

The payments to Named and Opt-in *O'Bryan* Plaintiffs and the *Bergeron* Plaintiffs will be made on the later of 90 days from March 7, 2024, or 45 days after settlement approval by the Court, but in no event shall the first payment be made any later than August 30, 2024, unless the Court has not approved the Motion for Settlement Approval by August 30, 2024. In addition, Defendant shall pay the SEVENTY-SIX THOUSAND EIGHT HUNDRED AND THIRTY DOLLARS AND 00/100 CENTS ($76,830.00) in attorney's fees and costs via delivery to Allen

Vaught, the lead attorney of the Named and Opt-in Plaintiffs in *O'Bryan* and the Plaintiffs in *Bergeron*, pursuant to the same payment deadlines for the Named and Opt-in Plaintiffs in *O'Bryan* and Plaintiffs in *Bergeron*.

Plaintiffs are to provide any needed W-2 forms necessary to make the payments to Plaintiffs in sufficiently advance time, and Plaintiffs' lead counsel, Mr. Allen Vaught, will also provide a W-9 tax form in sufficiently advance time for the attorneys' fees and expense payment to be made to him. Defendant will use the withholding forms it has on file for each Plaintiff unless a Plaintiff chooses to submit a specific W-2 withholding form for their respective payment. Further, the Named Plaintiff in *O'Bryan* and the *Bergeron* Plaintiffs must execute a Settlement Agreement and Release in the form attached as Exhibit "1" before any settlement payments set out above are due. Defendant will send the checks for each Plaintiff to Plaintiffs' lead counsel, Allen Vaught, and each check will be made out directly to the individual Plaintiffs.

In exchange for Defendant making these payments, the *O'Bryan* Named Plaintiff and Opt-In Plaintiffs and the *Bergeron* Plaintiffs, release and discharge Defendant and their affiliates from any claims arising out of or under (1) the FLSA, 29 U.S.C. § 201, et seq., (2) the Federal Portalto-Portal Pay Act, 29 U.S.C. §251 et seq., and (3) other claims or similar causes of action solely relating to the non-payment of wages relative to the claims asserted in the *O'Bryan* and *Bergeron* operative complaints through the Effective Date of the Settlement Agreement. The Court acknowledges the Parties' position that the Settlement is a compromise of disputed claims and is not to be deemed as an admission of fault or liability by Defendant. The Settlement is intended to be a total resolution and complete satisfaction of any and all claims and allegations by the *O'Bryan* Named Plaintiff and *O'Bryan* Opt-In Plaintiffs and the *Bergeron* Plaintiffs against Defendant as set forth above. The Parties have consented to dismissal of this lawsuit with prejudice after

approval of the Settlement and all settlement payments have been made to the O'Bryan Named Plaintiff and Opt-In Plaintiffs, to the *Bergeron* Plaintiffs and to Plaintiffs' lead counsel, Allen Vaught. Counsel for all Plaintiffs is directed to file a Motion for Dismissal with Prejudice once all settlement payments are made so that this Court can enter a final Order of Dismissal with Prejudice.

The Court shall retain jurisdiction over this case for a reasonable period of time to enforce the terms of the Settlement. In the event of a breach of the Settlement, the prevailing party, as determined by the Court, will be entitled to recover its reasonable attorney's fees and costs associated with enforcing the terms of the Settlement.

## **CONCLUSION**

For the foregoing reasons, the Court finds the Parties' Settlement is both premised on a *bona fide* dispute and fair and reasonable. Accordingly,

**IT IS ORDERED** that the Joint Motion to Approve Settlement is **GRANTED** and the Parties' settlement is **APPROVED**.

New Orleans, Louisiana this 6th day of May, 2024

_____
SENIOR UNITED STATES DISTRICT JUDGE